## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DENNIS WAYNE OSBORNE and KAREN
FRANCO,

        Plaintiffs,

                                           No. CIV 02-1310 MV/LCS

vs.

ENCHANTMENT AVIATION, INC., d/b/a
SOUTHWEST AIR AMBULANCE, a New
Mexico Corporation,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim and Memorandum in support thereof **[Doc. Nos. 4 & 5]**, filed November 5, 2002.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED as set forth herein.**

### BACKGROUND

Defendant Southwest Air Ambulance (Southwest Air) operates an air ambulance service covering New Mexico and western Texas.  Plaintiff Dennis Wayne Osborne was employed by Southwest Air as an Emergency Medical Technician Paramedic (EMTP) from November 19, 2001 until March 24, 2002, when he was fired.  Plaintiff Karen Franco was employed by Southwest Air as a Registered Nurse from January 15, 2002 until May 24, 2002, when she resigned.  Osborne alleges that he worked, on average, 120 hours every week throughout his

employment, while Franco claims she averaged 84 hours every week.  Despite having worked in excess of 40 hours every week, Plaintiffs were not given overtime pay by Southwest Air.

On July 19, 2002, Plaintiffs filed suit in state court, seeking overtime pay, liquidated damages and attorney's fees, pursuant to the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 201-219.  On October 17, 2002, Defendant removed the action to federal court.

On November 5, 2002, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted and included with the motion an affidavit by John Richardson, President of Southwest Air, and an Air Carrier Certificate issued to Southwest Air by the Federal Aviation Administration.  Plaintiffs filed a response brief which was supplemented by an affidavit by Plaintiff Osborne.

## DISCUSSION

"A motion to dismiss pursuant to Rule 12(b)(6) is treated as a [Rule 56] motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56." *Lucero v. Gunter* 52 F.3d 874, 877 (10th Cir. 1995) (quotations and citation omitted).  "Prior to conversion, however, the trial court must give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (quotations and citation omitted).

In the case at bar, the parties have had notice and an opportunity to present materials outside the pleadings for consideration by the Court.  Defendant's  motion to dismiss is based on a challenge to the applicability of FLSA's overtime requirements to Defendant, and Defendant

attached exhibits in support of its motion.  Plaintiffs raised the issue of conversion in their responsive brief, submitting evidence beyond the pleadings in support of their opposition to Defendant's motion.  Defendants were on notice of the possible conversion because they submitted extrinsic evidence initially, they received Plaintiff's brief arguing for application of the summary judgment analysis and, more important, addressed Plaintiff's arguments both on the merits and in favor of conversion, in its reply brief.  Thus, the Court will consider the pleadings as well as the extrinsic materials submitted by the parties and consider Defendant's motion to dismiss under the standards governing a motion for summary judgment.

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

Where applicable, the FLSA requires employers to provide overtime compensation to employees who work over 40 hours per week. However, the FLSA also contains a list of employment settings in which its overtime pay requirement does not apply. Defendant argues it is exempt from the FLSA's overtime pay provision under Section 213(b)(3) of the Act, which states, "The provisions of section 207 of this title [governing overtime compensation] shall not apply with respect to ... any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act [45 U.S.C.A. § 181 et seq.]." 29 U.S.C. § 213(b)(3). Title II of the Railway Labor Act (RLA) covers, among others, "every common carrier by air engaged in interstate or foreign commerce." 45 U.S.C. § 181.

The employer bears the burden of proving applicability of a FLSA exemption, and exemptions are construed narrowly against the employer. *Chessin v. Keystone Resort Management*, 184 F.3d 1188, 1192 (10th Cir. 1999). In the present suit, according to the

affidavit of Mr. Richardson, Southwest Air's revenues come entirely from the provision of air ambulance services.  Southwest Air has also been issued certification to "operate as an air carrier and conduct common carriage operations in accordance with [the Federal Aviation Act of 1958]." While issuance of such a certificate is not dispositive as to the applicability of the RLA, it does indicate that the services performed by Southwest Air are of a kind engaged in by common air carriers covered by the RLA.

Plaintiffs do not dispute any facts alleged by Defendant in support of its position that the RLA exemption applies.  Rather, Plaintiffs rely on the policies underlying the FLSA, its exemptions and the purpose of the RLA to bolster its argument that the exemption should be interpreted so as not to apply to Defendant.  As compelling as Plaintiffs' position may be, the plain text of the FLSA exemption at issue here and of the RLA make it clear that Southwest Air is an air carrier excused from the FLSA's overtime pay provisions.  *See also Slavens v. Scenic Aviation, Inc.,* No. 99-4197, 2000 WL 985933 (10th Cir. July 18, 2000) (finding defendant air ambulance and charter service to be governed by RLA and exempt from FLSA overtime pay requirement).

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to

State a Claim and Memorandum in support thereof **[Doc. Nos. 4 & 5]**, is hereby **GRANTED as**

**set forth in this Opinion**.  The Court, having considered Defendant's Motion under the standard

governing summary judgment, finds that Defendant is entitled to judgment as a matter of law.

Dated this 30th day of  September, 2003.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>:
W. T. Martin, Jr.

<u>Attorney for Defendant</u>:
William R. Babington, Jr

F:\SHARE\Anjana\Civil\Osborne\dismiss-SJ_moo.wpd

-6-